UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALFREDO RIOS-GARCIA,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT, et al.,<br><br>Respondents. | Case No. 2:26-cv-02541-TLF<br><br>PROVISIONAL ORDER GRANTING PARTIAL RELIEF ON PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER |

The matters before the Court are petitioner Alfredo Rios-Garcia's petition for a writ of habeas corpus (Dkt. 1) and motion for a temporary restraining order ("TRO") (Dkt. 2).

On July 27, 2026, the government filed a "Notice of Imminent Removal." Dkt. 12. On August 3, 2026, the parties' joint status report ("JSR") explained the following developments. Dkt. 17. An Immigration Judge ("IJ") granted petitioner pre-conclusion voluntary departure, with a departure deadline of August 24, 2026. *Id.* Petitioner remained in custody. *Id.* Petitioner then moved to withdraw acceptance of voluntary departure and moved to reopen his immigration proceedings. *Id.*

On August 17, 2026, the government filed a response brief stating that an IJ granted petitioner's motions to stay removal and to reopen his proceedings. Dkt. 19. A master hearing will be held before an IJ on August 20, 2026. *Id.*

Under the circumstances to preserve the Court's jurisdiction, the Court invokes its authority to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter."); *see also* 28 U.S.C. § 2243 (permitting courts to "dispose of the matter as law and justice require."); *Escobar Salgado v. Mattos*, 809 F. Supp. 3d 1123, 1162 (D. Nev. 2025) (quoting *Carafas v. LaVallee*, 391 U.S. 234, 239 (1968)) (under 28 U.S.C. § 2243, the "'mandate is broad with respect to the relief that may be granted.'").

Accordingly, the Court **ORDERS:**

**1)** The Court **PROVISIONALLY GRANTS** petitioner's TRO motion for the sole purpose of blocking petitioner's removal to maintain the status quo until the Court can rule on the merits of the habeas petition and TRO motion. Dkt. 2 at 10.

   **i)** Respondents are **PROHIBITED** from removing petitioner from the United States or transferring him from the Northwest ICE Processing Center to any other detention facility during the pendency of these proceedings, **without further order of this Court**, unless necessary for medical evaluation, medical treatment, or release.

**2)** The current briefing schedule (Dkt. 18) remains the same. The Court will consider the merits of the habeas petition and TRO motion concurrently.

**3)** On or before **August 22, 2026**, the parties shall file a Joint Status Report updating the Court on the results of petitioner's August 20, 2026, master hearing.

Dated this 18th day of August, 2026.

Theresa L. Fricke
United States Magistrate Judge